UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHCENE ZEMIRI )<br>)<br>Petitioner, )<br>)<br>v. )<br>) <br>BARACK OBAMA, President of the )<br>United States, *et al.*, )<br>)<br>Respondents. )<br>) | Civil. Action No. 04-2046 |

**ORDER**
(February 9, 2009)

The Court held a closed-session Status Hearing in the above-captioned case on February 9, 2009. For the reasons stated on the record, it is, this 9th day of February, 2009, hereby

**ORDERED** that "exculpatory evidence" is defined as all reasonably available evidence in the Government's possession or any evidence that tends to materially undermine the evidence that the Government intends to rely on its case-in-chief, including any evidence or information that undercuts the reliability and/or credibility of the Government's evidence (*i.e.*, such as evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of Petitioner, or evidence that indicates a statement is unreliable because it is the product of abuse, torture, or mental or physical incapacity); it is further

**ORDERED** that Respondents shall disclose to Petitioner's counsel, pursuant to Sections I.D.I, I.E.1, and I.E.2 of the Case Management Order, as amended, all statements, in whatever form, whether cumulative or not, that have not previously been disclosed, made by Petitioner, Ahmed Ressam, Mokhtar Haouari, or Abdel Ghani Meskini, relating to the statements attributed

to them in the Factual Return, if any. Respondents shall also disclose all exculpatory information that has not previously been disclosed concerning these individuals. If no such documents exist, Respondents shall so represent to Petitioner's counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioner's counsel, pursuant to Section I.E.1 of the Case Management Order, as amended, whether Petitioner's name appears on a list of Guantanamo detainees whose interviews/interrogations were either videotaped or audiotaped. If Petitioner's name appears on that list, Respondents shall either disclose the videotapes or audiotapes of Petitioner to Petitioner's counsel, or if such tapes are unavailable, Respondents shall explain why they are unavailable. If Petitioner's name does not appear on that list, Respondents shall so represent to Petitioner's counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioner's counsel, pursuant to Section I.E.1 of the Case Management Order, as amended, copies of two original, untranslated letters from Petitioner to his wife. Petitioner's counsel shall draft a letter to Respondents identifying the two letters with specificity. If copies of the two original, untranslated letters are unavailable, Respondents shall so represent to Petitioner's counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioner's counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, all documents containing exculpatory information concerning Petitioner or Ahmed Ressam that the Canadian Government has previously provided to the United States Government. If such documents do not exist, Respondents shall so represent to Petitioner's counsel, in writing; it is further

**ORDERED** that Respondents shall disclose to Petitioner's counsel, pursuant to Sections I.D.1 and I.E.2 of the Case Management Order, as amended, any cooperation agreement(s)

entered into between Ahmed Ressam and the United States Government relating to Ahmed Ressam's criminal prosecution or sentencing, and any correspondence between Ahmed Ressem or his counsel and the United States Government relating to the same. Respondents shall also disclose to Petitioner's counsel any exculpatory information provided by the United States Government to Mokhtar Haouari's defense counsel in connection with the criminal prosecution or sentencing of Mokhtar Haouari. If no such documents exist, Respondents shall so represent to Petitioner's counsel, in writing; it is further

**ORDERED** that the parties shall file a Joint Status Report on or before February 13, 2009, including dates by which Respondents anticipate being able to (1) ascertain the existence of, (2) collect, and (3) disclose the documents identified above; and it is further

**ORDERED** that Petitioner's Motion for Additional Discovery is GRANTED-IN-PART as to the areas identified above, and DENIED-IN-PART as to the remainder of the motion.

**SO ORDERED.**

Date: February 9, 2009

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge