UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHCENE ZEMIRI,<br><br>   Petitioner,<br><br>   v.<br><br>BARACK H. OBAMA, President of the United States, *et al.*,<br><br>   Respondents. | Civil Action No. 04-2046 (CKK) |

**ORDER**
(February 19, 2009)

On February 9, 2009, the Court granted-in-part and denied-in-part Petitioner's Motion for Additional Discovery.  *See* [146] Order at 1-3 (Feb. 9, 2009).  The Court ordered the parties to file a Joint Status Report setting forth the dates by which Respondents anticipate their being able to ascertain the existence of, collect, and produce the documents identified in the Court's Order.  On February 13, 2009, the parties timely filed a Joint Status Report in response to the Court's Order, and Respondents also filed a separate Status Report to supplement the information provided in the Joint Status Report.  Based on the information submitted by the parties, and taking into account all relevant case law, statutory authority, and the entire record of this case as a whole, this Order sets forth the dates by which Respondents must comply with their discovery obligations set forth in the Court's February 9, 2009 Order.

As a preliminary matter, the Court recognizes that some of the discovery contemplated in its February 9, 2009 Order requires Respondents to perform targeted searches that fall outside of those contemplated by the Amended Case Management Order.  For example, Section I.D.1 of the Amended Case Management Order provides that "[t]he government shall disclose to the

petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." As discussed on the record at the Status Hearing held on February 9, 2009, Petitioners have met their burden of showing that the Government should perform more extensive but targeted searches to produce documents that are likely to be highly relevant to the allegations made against Petitioner in the Factual Return and potentially exculpatory according to Petitioner's theory of defense. For this reason, the Court's February 9, 2009 Order required production of additional documents pursuant to the Amended Case Management Order's provision for *additional* discovery (*i.e.* Section I.E.2), and not simply the discovery that Petitioner may obtain as of right pursuant to Sections I.D.1 and I.E.1 of the Amended Case Management Order.

Respondents' Supplemental Status Report explains that Respondents have identified specific locations to search for the documents identified in the Court's February 9, 2009 Order, which include the United States Attorney's Offices for the Western District of Washington and the Southern District of New York and the Federal Bureau of Investigation field offices located in Seattle and New York.[1] Contrary to Respondents' suggestion accompanying this information, the Court finds that searching these locations for specific documents that is likely to be highly relevant and potentially exculpatory does, in fact, reflect a "prudent and incremental" approach to the factfinding process in this case. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 538-39 (2004) (plurality). Respondents had a full opportunity to argue to the contrary in their Opposition to Petitioner's Motion for Additional Discovery and at the Court's Status Hearing on February 9,

---

[1] The Court notes that Petitioner has not suggested that a search of these locations is insufficient to meet Respondents' obligations under the February 9, 2009 Order.

2009, and the Court balanced the parties' arguments, as well as the interests and burdens on both Petitioner and Respondents, when deciding to grant-in-part and deny-in-part Petitioner's Motion for Additional Discovery.  *Cf. id.* (explaining that courts must balance multiple interests during the factfinding process, including "matters of national security that might arise in an individual case and [] the constitutional limitations safeguarding essential liberties that remain vibrant even in times of security concerns").

The parties' Joint Status Report reflects a disagreement concerning how much time is required for Respondents to adequately comply with their additional discovery obligations. Respondents have proposed a two-month deadline for production of some of the discovery, *see* Joint Status Report at 1-3, and Petitioner has suggested, without any supporting reasons, that one month should be sufficient, *id.* at 3.  The Court accepts as reasonable Respondents' representations concerning the amount of time necessary to search for, collect, and clear for disclosure, the discovery located in the areas identified above.  As other Judges in this district have explained, a petitioner who requests additional discovery must necessarily decide whether obtaining such discovery outweighs the often inevitable delays that follow.  *See, e.g.*, *Al-Adahi v. Obama*, No. 05-280, Mem. Order at 4 n.3 (February 12, 2009) (explaining that petitioners' counsel must decide, on a case-by-case basis, whether they "believe[] that the necessity for additional searching outweighs the delay which such searching will most certainly entail").  In this case, Petitioner has decided that the information identified in the Court's February 9, 2009 Order is necessary for his defense, and he must therefore accept that Respondents' searches for such information will result in some delay – particularly where, as here, Petitioner has provided no reasons to believe that the length of time proposed by Respondents for their additional

searches is unreasonable.[2]

As a final matter, Petitioner filed a [150] Motion to Strike Respondents' Supplemental Status Report on the basis that Respondents improperly sought to re-argue their Opposition to Petitioner's Motion for Additional Discovery. *See* Pet'r's Mot. at 1-2. Respondents have opposed the Motion to Strike, and clarified that their Supplemental Status Report was filed "to explain the information provided in the Joint Status Report" and "[i]t was not an attempt to reargue the appropriateness of the discovery ordered by the Court on February 9, 2009." Resp'ts' Opp'n at 1. Because the Supplemental Status Report provides information that allows the Court to assess whether the proposed deadlines in the parties' Joint Status Report are reasonable, and because the Court shall not construe the Supplemental Status Report as an improperly denominated Motion for Reconsideration, the Court shall deny Petitioner's Motion to Strike.

Accordingly, it is, this 19th day of February, 2009, hereby

**ORDERED** that Petitioner's [150] Motion to Strike Respondent's Supplemental Status Report is DENIED; it is further

**ORDERED** that Respondents shall produce all statements made by Petitioner, Ahmed Ressam, and Mokhtar Haouari, relating to statements attributed to them in the Factual Return, no later than April 15, 2009; it is further

**ORDERED** that Respondents shall produce the original, untranslated letters from Petitioner to his wife no later than March 13, 2009; it is further

---

[2] The Court encourages the parties to have a continuing dialogue concerning the additional discovery sought by Petitioner. It may be that once Respondents are able to describe to Petitioners in greater detail the results of one or more of its searches, the scope of the documents sought by Petitioners may be narrowed further.

**ORDERED** that Respondents shall produce all exculpatory information concerning Petitioner or Ahmed Ressam that the Canadian Government has previously provided to the United States Government, no later than April 15, 2009; it is further

**ORDERED** that Respondents shall produce any cooperation agreements entered into between Ahmed Ressam and the United States Government relating to Ahmed Ressam's criminal prosecution or sentencing, and any related correspondence between Ahmed Ressam or his counsel and the United States Government, no later than March 25, 2009; and it is further

**ORDERED** that Respondents shall produce the exculpatory information that was provided by the United States Government to Mokhtar Haouari's defense counsel in connection with the criminal prosecution or sentencing of Mokhtar Haouari, no later than April 15, 2009.[3]

**SO ORDERED.**

Date: February 19, 2009

                                                    /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge

---

[3] Neither the Parties' Joint Status Report nor Respondents' Supplemental Status Report reference Respondents' obligation to "disclose all exculpatory information that has not previously been disclosed concerning [Petitioner, Ahmed Ressam, Mokhtar Haouari, and Abdel Ghani Meskini]" or, if no such documents exist, to "so represent to Petitioner's counsel, in writing." *See* Order at 2 (Feb. 9, 2009). The Court therefore assumes that Respondents have already complied with this requirement, except as specifically provided above.